# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Michael Hollingsworth<br>1528 Compton Rd #3<br>Cincinnatti, OH 45231<br><br>      Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.<br>5620 Southwyck Blvd., Suite 206<br>Toledo, OH 43614<br><br>      Defendant. | Case No. 1: 08-cv-247<br><br>  Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff brought this claim within the timeframe permitted under the FDCPA.

9. On or around November 18, 2007, Defendant telephoned Plaintiff at Plaintiff's place of employment.

10. During the communication referenced in Paragraph 9, Plaintiff notified Defendant that it was inconvenient for Plaintiff to receive Defendant's telephone calls at work.

11. Despite the notice referenced in Paragraph 10, Defendant telephoned Plaintiff at work multiple times between November and December 2007.

12. During several of the communications referenced in Paragraph 11, Defendant threatened to garnish Plaintiff's wages and stated that there was nothing Plaintiff could do to prevent the garnishment.

13. During several of the communications referenced in Paragraph 11, Defendant spoke to Plaintiff in an abusive and belligerent tone.

14. During one of the communications referenced in Paragraph 11, Plaintiff asked for Defendant's address.

15. During the communication referenced in Paragraph 14, Defendant stated that Defendant did not have to give Plaintiff the [expletive] address and abruptly hung up the telephone.

16. In or around November and December 2007, despite having Plaintiff's location information, Defendant telephoned Plaintiff's mother ("Mother") several times.

17. During one of the communications referenced in Paragraph 16, Defendant told Mother that Plaintiff owed a debt.

18. During at least one of the communications referenced in Paragraph 16, Mother notified Defendant that Plaintiff could not be reached at her number.

19. Despite the notice referenced in Paragraph 18, Defendant telephoned Plaintiff several times during thereafter.

20. Defendant damaged Plaintiff emotionally and mentally and caused substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive Defendant's phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT NINE

### Invasion of Privacy by Intrusion upon Seclusion

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

40. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

41. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

42. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

43. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

44. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

45. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b.   Judgment, in an amount to be determined at trial, against Defendant for the

Invasion of Privacy by Intrusion upon Seclusion.

c.   For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By:    */s/ Richard J. Meier*
        Richard J. Meier
        Attorney for Plaintiff
        Sears Tower
        233 S. Wacker Dr. Suite 5150
        Chicago, IL 60606
        Telephone:  866-339-1156
        Email: rjm@legalhelpers.com